George M. Kraw (California Bar No. 71551)
Katherine McDonough (California Bar No. 241426)
Jessica N. Melgar (California Bar No. 311575)
Kraw Law Group, APC
605 Ellis Street, Suite 200
Mountain View, California 94043
Telephone: 650-314-7800
Facsimile:  650-314-7899
gkraw@kraw.com
kmcdonough@kraw.com
jmelgar@kraw.com

Attorneys for:
Producer-Writers Guild of America Pension Plan;
Board of Directors, Producer-Writers Guild of America Pension Plan;
Writers' Guild-Industry Health Fund; and
Board of Trustees, Writers' Guild-Industry Health Fund

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PRODUCER-WRITERS GUILD OF AMERICA PENSION PLAN; BOARD OF DIRECTORS OF THE PRODUCER-WRITERS GUILD OF AMERICA PENSION PLAN,<br><br>and,<br><br>WRITERS' GUILD-INDUSTRY HEALTH FUND; BOARD OF TRUSTEES OF THE WRITERS GUILD-INDUSTRY HEALTH FUND,<br><br>Plaintiffs,<br><br>v.<br><br>MAMMOTH CREATIONS, LLC, a California State Limited Liability Company,<br><br>and, | Case No.:<br><br>**COMPLAINT** |

1 | TODD COURTNEY,
2 | an Individual,
3 |         Defendants.
4 |
5 | 1.   This action has been brought in an effort to collect unpaid
6 | contributions owed to the Plaintiffs.  This action arises under Section 502 of the
7 | Employee Retirement Income Security Act of 1974, as amended ("ERISA") 29
8 | U.S.C. § 1001, *et seq.*, under sections 1132 and 1145.  This action also arises
9 | under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"),
10 | 29 U.S.C. § 185.
11 | **JURISDICTION AND VENUE**
12 | 2.   The Court has jurisdiction of this action under the terms of Section
13 | 502(a), (e) and (g) of ERISA, 29 U.S.C. §1132(a), (e) and (g), 29 U.S.C. §185
14 | and 28 U.S.C. § 1331.
15 | 3.   This Court has venue over this action pursuant to Section 502(e) of
16 | ERISA, 29 U.S.C. §1132(e), in that this is the district where the Plaintiffs
17 | Producer-Writers Guild of America Pension Plan and Writers' Guild-Industry
18 | Health Fund (hereinafter separately referred to as "Pension Plan" and "Health
19 | Fund", respectively; collectively referred to as "Benefit Plans") are administered
20 | and where the breaches described herein took place.
21 | **PARTIES**
22 | 4.   The Benefit Plans are employee benefit plans within the meaning of
23 | Sections 3(1), 3(2), and 3(3) of ERISA, 29 U.S.C. §1002 (1), (2), and (3), and are
24 | maintained for the purpose of providing retirement, health and welfare, and
25 | related benefits to eligible participants.  The Benefit Plans receive contributions
26 | from numerous employers pursuant to Collective Bargaining Agreements
27 | between employers and Writers Guild of America, West, and Writers Guild of
28 |

America, East, and therefore, are multiemployer plans under Section 3(37) of ERISA, 29 U.S.C. §1002(37), and 29 U.S.C. § 1301(a)(3).

5. The Board of Directors of the Producer-Writers Guild of America Pension Plan and the Board of Trustees of the Writers' Guild-Industry Health Fund (hereinafter collectively referred to as "Boards of Trustees") are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

6. The Benefit Plans and Boards of Trustees maintain their principal place of business at 2900 West Alameda Avenue, Suite 1100, Burbank, California.

7. The Benefit Plans bring this action on behalf of themselves and on behalf of participants and beneficiaries in the Benefit Plans to recover benefits due, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

8. Defendant Mammoth Creations, LLC (hereinafter referred to as "Mammoth") is, upon information and belief, a limited liability company existing under the laws of the State of California. Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §1002(5), (11), and (12), and Section 2(2) of the LMRA, 29 U.S.C. §152(5).

9. Mammoth's principal place of business is 822 Euclid St., Unit H, Santa Monica, California 90403.

10. Mammoth is a signatory employer to the Minimum Basic Agreement ("MBA") which provides for payment of contributions to the Benefit Plans. The MBA binds Mammoth to the provisions of the MBA and the respective Trust Agreements for the Pension Plan and Health Fund ("Trust Agreements") that created the Benefit Plans.

11. Todd Courtney is the Chairman of Defendant Mammoth and personally guaranteed the benefit contributions owed by Mammoth, LLC.

## FACTUAL ALLEGATIONS

12. Mammoth entered into the MBA with the Writers Guild of America East and Writers Guild of America West. The MBA established the terms and conditions of writers hired to perform covered writing services performed by employees of the MAMMOTH.

13. Upon information and belief, Mammoth employed at least three (3) employees covered by the MBA.

14. Mammoth is required to make contributions to the Benefit Plans for covered writing services performed by its bargaining unit employees in the amount and manner specified in the MBA and Trust Agreements.

15. Mammoth failed to timely submit its contribution for covered writing services performed under the terms of the MBA.

16. The Benefit Plans first notified Mammoth in a letter, dated February 16, 2018, that Mammoth had failed to timely submit required contributions for covered writing services and demanded payment be made. Pursuant to the Trust Agreement, Mammoth was also assessed liquidated damages and interest on the delinquent contributions, which continue to accumulate.

17. This firm, on behalf of the Benefit Plans, subsequently sent Mammoth additional notices in letters dated June 18, 2018 and June 29, 2018.

18. To date, Mammoth has failed to pay contributions, liquidated damages and interest owed.

19. Under the terms of the Trust Agreements, an employer who fails to make timely contributions to the Benefit Plans for employee fringe benefits is liable to the Benefit Plans for all unpaid contributions, interest, and attorney's fees and collection costs. See also, 29 U.S.C. §1132(g).

20. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are further entitled to an amount equal to the greater of:

    (a) double interest; or

(b) interest plus liquidated damages.

## STATEMENT OF CLAIMS

### FIRST CLAIM
### Failure to Make Contractually Required Contributions to Multi-Employer Plan Under the Employment Retirement Income Security Act
### (29 U.S.C. §§ 1132 and 1145)

21. Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 20 as fully set forth herein.

22. This is an action to collect unpaid contributions found owing to a multi-employer benefit plan pursuant to the terms of the MBA and the Trust Agreements.

23. Mammoth's failure to pay contributions constitute a failure of an employer to make contractually required contributions to a multi-employer plan pursuant to Section 515 of ERISA, 29 U.S.C. § 1145.

24. Plaintiffs are entitled to judgment for all unpaid contributions, liquidated damages, prejudgment interest, and reasonable attorney's fees and costs pursuant to 29 U.S.C. §1132(g)(2).

### SECOND CLAIM
### Breach of a Collective Bargaining Agreement
### (29 U.S.C. §§ 185)

25. Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 24 as fully set forth herein.

26. This is an action to enforce a Collective Bargaining Agreement and the Trust Agreements, pursuant to 29 U.S.C. § 185(a).

27. Plaintiffs are entitled to pursue this claim as a third party beneficiary to the MBA and Trust Agreements.

COMPLAINT – 5
CASE NO.:

28. Defendant's failure to pay contributions owing breached the MBA and Trust Agreements, to the detriment of the Plaintiffs. Plaintiffs are entitled to contributions, liquidated damages, interest, and attorneys' fees and costs pursuant to the MBA and Trust Agreements.

**PRAYER**

WHEREFORE, Plaintiffs respectfully request this Court:

A. Enter a judgment declaring that Defendant has a contractual obligation to make payments to the Benefit Plans (a) requiring contributions to fund benefits in an amount to be proven at trial; (b) requiring liquidated damages and interest payments in an amount to be proven; and (c) requiring the payment of reasonable attorneys' fees and costs of litigation pursuant to the Minimum Basic Agreement, the Trust Agreements and ERISA.

B. Other such legal and equitable relief as the Court may deem just and equitable.

Dated: April 24, 2019              KRAW LAW GROUP

                                   By: /s/ Katherine McDonough
                                       KATHERINE MCDONOUGH
                                       *Counsel for Plaintiffs*

COMPLAINT – 6
CASE NO.: